IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AUDREY ROBERTSON                                                           PLAINTIFF

v.                                                           CIVIL ACTION NO. 1:25-CV-9-SA-DAS

D. MILLER AND ASSOCIATES, PLLC                                       DEFENDANT

ORDER

      Before the Court is Robertson's Motion for Reconsideration [13].

      On January 23, 2025, the Court entered an Order to Show Cause [6] explaining that the Complaint [1] was void of information pertaining to D. Miller and Associates, PLLC's members and those members' respective citizenship and directing Robertson to show cause as to why the case should not be dismissed due to lack of diversity jurisdiction. On February 19, 2025, the Court entered an Order [8] dismissing this case without prejudice after having received no response from Robertson, and her time to do so had passed. Thereafter, Robertson filed a Motion to Reopen Case [11] and the Court denied the same after finding that Robertson had still not cured the jurisdictional deficiencies after amending her Complaint [1] twice. *See* [12].

      Robertson now asks the Court to reconsider its decision to deny her Motion [11]. Upon review of Robertson's pending Motion for Reconsideration [13], the Court finds that Robertson has provided the Court with information that she could have presented prior to the entry of the Court's Order [12].[1] Irrespectively, Robertson still does not provide the Court with the requisite

---

[1] The Motion [13] includes an attachment which purports to be an email from the Office of the Texas Secretary of State with information pertaining to Defendant's registered agent and management. However, "[a] motion seeking reconsideration may not be used to relitigate matters, raise arguments, or submit evidence that could have been presented before the judgment or order was entered." *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 403 F. Supp. 3d 610, 617 (S.D. Tex. 2019). "To obtain relief…, the movant must (1) show that its motion is necessary to correct a manifest error of law or fact, (2) present newly discovered or previously unavailable evidence, (3) show that its motion is necessary to prevent manifest injustice, or (4) show that its motion is justified by an intervening change in the controlling law." *Id.* (citing

information needed to establish diversity, and, therefore, the Court need not address the Motion [13] at length.

The Motion for Reconsideration [13] is DENIED. This case remains CLOSED.

SO ORDERED, this the 30th day of May, 2025.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

*Arceneaux v. State Farm Fire & Cas. Co.*, 2008 WL 2067044, at *1 (E.D. La. May 14, 2008)). Robertson's Motion [13] does not address nor otherwise meet any of these factors.